**C&B LAW GROUP LLP**
Jack Bazerkanian, State Bar No. 299031
 *jack@cblawgroup.com*
2315 W. Burbank Blvd.
Burbank, California 91506
Telephone: (213) 986-3430
Facsimile: (213) 986-9860

**LTL ATTORNEYS LLP**
Caleb Liang, State Bar No. 261920
 *caleb.liang@ltlattorneys.com*
Kevin B. Kelly, State Bar No. 274145
 *kevin.kelly@ltlattorneys.com*
300 S Grand Ave, Suite 3950
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

*Attorneys for Plaintiff*
*Alec Karghaian*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEC KARGHAIAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>Class Action Complaint For:<br><br>1. Violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*<br>2. National Origin Discrimination in Violation of 42 U.S.C. § 1981<br>3. Violation of the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*<br>4. Violation of the California Unfair Competition Law<br><br>Demand for Jury Trial |

1
**CLASS ACTION COMPLAINT**

Plaintiff Alec Karghaian ("Plaintiff") individually and as representative of a class of all other similarly situated individuals in California, alleges as follows:

## I. NATURE OF ACTION

1. Between 2015 and 2021, Defendant Citibank, N.A. ("Citi") engaged in a pattern and practice of discrimination against customers and/or potential customers based on their Armenian national origin. Citi applied extra scrutiny to those of Armenian national origin when they applied for, and/or sought to maintain, banking services such as credit cards, checking accounts, savings accounts, lines of credit, increases in credit amounts, etc. This often resulted in Citi declining these customers' applications for such services and/or closing financial/credit accounts that were previously opened and in good standing, despite offering these services to other similarly situated customers who were not Armenian. Citi also failed to provide true and accurate statements of the reasons it took these adverse actions against these Armenian customers.

2. Citi's adverse actions focused on Armenians with last names ending in "ian" or "yan" that lived in or around Glendale, California. Citi did so on the unfounded belief that Armenians were more likely to commit fraud and refuse to pay charges made on credit accounts, thereby treating them all as if they were criminals.

3. In fact, in November 2023, the United States Consumer Financial Protection Bureau ("CFPB") found that, during the period of 2015 to 2021, Citi purposefully discriminated against consumers of Armenian descent, primarily based on the spelling of their last name. Based on this finding, the CFPB and Citi entered into a consent order whereby Citi was obligated to pay $1.4 million to harmed consumers along with a $24.5 million penalty.

4. The Plaintiff and members of the putative Class (the "Class") have suffered harm due to the discriminatory tactics employed by Citi to deny them financial services. Due to this conduct, Plaintiff and members of the putative Class

bring this Action under federal and state law against Citi for actual, statutory and/or punitive damages, injunctive relief, attorney's fees and costs, and any other relief this Court deems just and proper.

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a federal cause of action for violations of the Equal Credit Opportunity Act. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of a different state than all defendants, the putative class size exceeds 100 members, and because the amount in controversy exceeds $5,000,000.

6. Personal jurisdiction is appropriate over Citi because it transacts business in the State of California, including in this District, and Plaintiff's claim arises out of Citi's conduct in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## III. PARTIES

8. Plaintiff Alec Karghaian ("Karghaian") who is of Armenian national origin, is, and at all relevant times was, a natural person and a citizen of the State of California. Plaintiff Karghaian has lived in Los Angeles since birth.

9. The true names and capacities of defendants Does 1 through 10, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a Doe defendant is in some manner responsible for the acts and occurrences set forth herein. Plaintiff will ask leave of court to amend this Complaint to show the true names and capacities of defendants Doe 1 through 10, inclusive, as well as the manner in which each Doe defendant is responsible,

when the same has been ascertained.

## IV. FACTUAL ALLEGATIONS

10. Citi is one of the country's largest banks by assets. It offers a wide variety of banking services, including credit cards, lines of credit, savings accounts, and checking accounts.

11. From at least 2015 through 2021, it was Citi's pattern or practice to apply extra scrutiny to, negatively assess, and often deny banking services to certain customers and/or potential customers based on their Armenian national origin. Citi specifically focused on Armenians with last names ending in "ian" or "yan" that lived in or around Glendale, California. Citi did so on the unfounded belief that Armenians were more likely to commit fraud and refuse to pay charges made on credit accounts, thereby treating them all as if they were criminals.

### A. Consumer Financial Protection Bureau's Consent Order Against Citi

12. Indeed, in November 2023, the CFPB found that, during the period of 2015 to 2021, Citi purposefully discriminated against consumers of Armenian descent, primarily based on the spelling of their last name. Based on this finding, the CFPB and Citi entered into a consent order whereby Citi was obligated to pay $1.4 million to harmed consumers along with a $24.5 million penalty.

13. The CFPB found that Citi's employees considered customers and/or potential customers with last names ending in "ian" or "yan," especially if their address was in or around Glendale, California, as presenting a high risk of fraud, including because they were perceived as likely to incur significant charges and then "bust out," meaning they would leave the country or otherwise not pay off the charges.

14. The CFPB further concluded that Citi's "supervisors and trainers instructed [Citi] employees to conceal their reliance in the credit decision on applicants' last names ending in "ian" or "yan" and addressed in or around Glendale, California, including by telling [Citi] employees not to discuss it in

writing or on recorded phone lines."

15. The CFPB collected data from Citi and conducted a statistical regression analysis of that data from 2015 through 2021. It found that Citi denied credit applicants with a last name ending in "ian" or "yan" more often than other similarly situated applicants, especially if the applicant also had an address in or around Glendale, California.

16. The CFPB concluded that Citi "did not have a legitimate, non-discriminatory explanation for its pattern or practice of applying extra scrutiny to, negatively assessing, and often denying" credit applications from applicants with last names ending in "ian" or "yan" and/or with an address that was in or around Glendale, California.

17. Moreover, the CFPB also found that, when Citi denied credit to a customer based on their Armenian national origin, Citi failed to inform that individual accurately and adequately of the reason for the action in the adverse action notice.

**B. Plaintiff And The Adverse Action(s) Citi Took Against Him**

18. Plaintiff is a former customer of Citi and, as described below, was damaged by Citi's discriminatory practices in that his credit card applications were denied. Moreover, Citi failed to inform Plaintiff accurately and adequately of the reason for the adverse action taken against him.

**C. Citi's Specific Adverse Action(s) Against Plaintiff Alec Karghaian**

19. Plaintiff Karghaian has lived in Los Angeles since birth. Karghaian is of Armenian national origin. Karghaian's credit history has always been strong, and his credit score has always been rated excellent.

20. In around July 2020, Karghaian applied for the Citi Double Cash Mastercard. He decided to apply for the credit card because it offered a 2% cashback rewards program on all purchases.

21. However, on August 5, 2020, Citi denied Karghaian's Double Cash

Mastercard application. Citi provided no explanation for the application's denial.

22. In around August 2022, Karghaian also applied for the Citi Custom Cash Mastercard. He applied for this card because it offered a 5% cashback rewards program on a category of his choice. He planned to use this card exclusively for gas.

23. However, on September 13, 2022, Citi denied Karghaian's Custom Cash Mastercard application. Citi similarly provided no explanation for the application's denial.

24. Karghaian could not have reasonably discovered that Citi's actions were taken because he is of Armenian national origin. However, he learned of the CFPB's findings and the consent order in November 2023, and is now informed and believes that Citi denied Karghaian's application because he is of Armenian national origin.

## V. CLASS ALLEGATIONS

25. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks certification of a class of all California residents of Armenian national origin who, during the period of January 1, 2015 to the present ("Class Period"), applied for and/or sought to maintain, banking services such as credit cards, checking accounts, savings accounts, lines of credit, and increases in credit amount, and had adverse action(s) taken against them by Citi, including applying for extra scrutiny to, negatively assessing, and/or denying these individuals' applications for such services and/or closing financial/credit accounts, based on their Armenian national origin (the "Class").

26. Plaintiff reserves the right to change or modify the class definition, or create additional subclasses, based upon facts discovered during this action and/or any other subsequent changes.

27. Excluded from the Class are Citi, its subsidiaries, affiliates, officers, directors, and employees.

28. **Numerosity and Ascertainability.** The members of the Class are so numerous that individual joinder of all Class members is impracticable. Plaintiff is informed and believes - based upon the publicly available information discussed herein - that there are tens of thousands of Class members, making joinder impracticable. Those individuals' identities are available through Citi's records, and Class members may be notified of the pendency of this Action by recognized, Court-approved notice dissemination methods.

29. **Commonality and Predominance.** Citi has acted in a manner generally applicable to Plaintiff and the other members of the proposed Class. There is a well-defined community of interest in the questions of law and fact involved, which affect all Class members. The questions of law and fact common to the Classes predominate over the questions that may affect individual Class members, including whether Citi systematically discriminated against Class members based upon their Armenian national origin by taking adverse actions against their credit and/or bank accounts. Class action status is warranted under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members. The interests of the members of the Class in individually controlling the prosecution of separate actions are theoretical and do not outweigh the benefits of this class action, which makes prosecuting this as a class action superior to individual lawsuits. The Plaintiff is not aware of any difficulty which will be encountered in the management of this litigation that would potentially preclude this action from proceeding on a class basis.

30. **Typicality.** Plaintiff's claim is typical of other Class members' claims because Plaintiff and the Class members were subjected to the same allegedly unlawful conduct and damaged in the same way.

31. **Adequacy of Representation.** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class

1  members whom he seeks to represent. Plaintiff has retained counsel competent and
2  experienced in complex class action litigation, and Plaintiff intends to prosecute
3  this Action vigorously. The Class members' interests will be fairly and adequately
4  protected by Plaintiff and his counsel.

5      32. **Superiority.** A class action is superior to any other available means
6  for the fair and efficient adjudication of this controversy, and no unusual
7  difficulties are likely to be encountered in the management of this class action. The
8  damages or other financial detriment suffered by Plaintiff and the Class members
9  is relatively small compared to the burden and expense that would be required to
10 individually litigate their claims against Citi, so it would be impracticable for
11 Plaintiff and the Class members to individually seek redress for Citi's wrongful
12 conduct.

13     33. **Declaratory and Injunctive Relief.** The prosecution of separate
14 actions by individual Class members would create a risk of inconsistent or varying
15 adjudications with respect to individual Class members that would establish
16 incompatible standards of conduct for Citi. Such individual actions would create a
17 risk of adjudications that would be dispositive of the interests of other Class
18 members and impair their interests. Citi has acted and/or refused to act on grounds
19 generally applicable to the Class, making final, public injunctive relief, or
20 corresponding declaratory relief appropriate.

21     34. Injunctive relief, and specifically public injunctive relief, is necessary
22 in this Action forcing Citi to cease and desist its discriminatory practices.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. § 16901, *ET SEQ.*
### (Plaintiff Alec Karghaian Against All Defendants)

27     35. Plaintiff, on behalf of himself and all those similarly situated,
28 realleges each and every paragraph above and incorporates them by reference as

though fully stated herein.

36. The Equal Credit Opportunity Act ("ECOA") makes it unlawful for a creditor to discriminate against any applicant with respect to any aspect of a credit transaction on the basis of any protected characteristic, including national origin.

37. The term "applicant" means any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit.

38. Citi is a creditor under the ECOA because it regularly extends, renews, and continues issuances of credit.

39. Plaintiff and Class members are applicants under the ECOA because they applied to Citi for the extension, renewal, or continuation of credit, as detailed above.

40. Plaintiff and Class members are members of a protected class based on their Armenian national origin.

41. Citi took adverse credit actions against Plaintiff and Class members by, *inter alia*, denying their applications for credit, subjecting them to extra scrutiny and/or unilateral unfavorable changes to their accounts, including freezing or putting a hold/block on such accounts, denying requested credit increases, referring them to Citi's fraud prevention unit for additional scrutiny and adverse action, and/or terminating their existing accounts. Moreover, Citi failed to inform Plaintiff accurately and adequately of the reason for the adverse actions taken against him.

42. On information and belief, Citi intentionally took these adverse credit actions against Plaintiff and the Class members because of their Armenian national origin.

43. Plaintiff and all those similarly situated were harmed by Defendants' conduct.

44. On behalf of himself and the Class he seeks to represent, Plaintiff requests the relief set forth below.

## SECOND CAUSE OF ACTION

## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

**(Plaintiff Against All Defendants)**

45. Plaintiff, on behalf of himself and all those similarly situated, realleges each and every paragraph above and incorporates them by reference as though fully stated herein.

46. Pursuant to 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other." The term "'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

47. Plaintiff and the Class members are members of a protected class based on their Armenian national origin.

48. During the relevant period of time, Plaintiff and Class members attempted to contract with Citi for extension, renewal, or continuation of credit and/or other financial services, as detailed above, but Citi denied them the right to contract for such services while offering them to other similarly situated persons not of Armenian origin.

49. On information and belief, Citi intentionally took these adverse actions

against Plaintiff and the Class members because of their Armenian national origin.

50. Plaintiff and all those similarly situated were harmed by Citi's conduct.

51. On behalf of himself and the Class he seeks to represent, Plaintiff requests the relief set forth below.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51
### (Plaintiff Against All Defendants)

52. Plaintiff, on behalf of himself and all those similarly situated, realleges each and every paragraph above and incorporates them by reference as though fully stated herein.

53. The Unruh Civil Rights Act states that "all persons" within California "are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

54. Citi is a "business establishment" for purposes of the Unruh Civil Rights Act because it operates its business in California, has several fixed locations here, and generates revenue here.

55. Citi, as detailed above, denied Plaintiff and the other putative Class members full and equal treatment under the Unruh Civil Rights Act when it refused to offer them, and/or rescinded previous offers of, credit and/or other financial services on the same terms as individuals who were not of Armenian national origin, as provided in more detail above.

56. Plaintiff and other Class members were harmed by Citi's refusal to transact business with them because their applications for credit cards and/or lines

of credit were denied, or because previously approved credit cards/lines of credits/other financial accounts were rescinded and cancelled.

# FOURTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200, *ET SEQ.*

**(Plaintiff Against All Defendants)**

57. Plaintiff, on behalf of himself and all those similarly situated, realleges each and every paragraph above and incorporates them by reference as though fully stated herein.

58. The California Unfair Competition Law ("UCL") forbids "unlawful, unfair or fraudulent" conduct in connection with business activity.

59. Citi's business offering credit cards, lines of credit, and other financial services such as deposit accounts is a business activity under the UCL.

60. Plaintiff and other Class members are "persons" under the UCL.

61. Citi's conduct described herein constitutes unlawful competition, as in the course of engaging in the business acts described above, it engaged in conduct that constituted a predicate violation of the laws identified herein, namely the Equal Credit Opportunity Act, the Fair Housing Act, 42 U.S.C. § 1981, and the Unruh Civil Rights Act.

62. Citi's conduct described herein constitutes unfair competition under the UCL, as their practices are likely to deceive the public by informing the public of an alleged commitment to diversity and equality, but instead using hidden business practices designed to deny and refuse financial services to Armenian Americans. As there is no legitimate justification for these practices, Citi's practices are unfair as defined under the UCL.

63. Citi's conduct described herein constitutes fraudulent competition under the UCL, as it uses hidden business practices designed to deny and refuse

financial services to Armenian Americans. These business practices are likely to deceive the public, and thus are fraudulent.

64. Plaintiff and the putative Class members were injured by Citi's refusal to transact business with them because their applications were denied, and/or their previously approved credit cards/lines of credits/deposit accounts were rescinded and closed.

65. The gravity of the harm suffered by Plaintiff and Class members resulting from Citi's conduct alleged herein outweighs any legitimate justification, motive or reason for the discrimination described. Accordingly, Citi's actions are immoral, unethical, unscrupulous and offend the established public policies as set out in state and federal regulations and are substantially injurious to Plaintiff and other Class members.

66. As a result of Citi's above unlawful and unfair practices, Plaintiff, and members of the putative Class, and as appropriate on behalf of the general public, seek all allowable damages under the UCL including injunctive relief ordering Citi to transact in a timely manner.

## **PRAYER FOR RELIEF**

67. WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

    a. Certify this case as a class action;

    b. Appoint Plaintiff as Class Representative and designate Plaintiff's counsel of record as Class Counsel;

    c. Declare that Citi's policies and practices are unlawful and violate the Equal Credit Opportunity Act, 42 U.S.C. § 1981, and the California Unruh Civil Rights Act, and were in violation of California's UCL;

    d. Award Plaintiff and all others similarly situated actual, statutory, and punitive damages;

e. Award Plaintiff and all others similarly situated prejudgment interest and attorneys' fees, costs and disbursements, as provided by law;

f. Award Plaintiff and all others similarly situated injunctive and legal relief as this Court deems just and proper to end the discrimination and fairly compensate Plaintiff and all others similarly situated; and

g. Award Plaintiff and all others similarly situated such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the putative Class members hereby demand trial by jury of all issues triable as of right by jury.

**C&B LAW GROUP LLP**

Dated: February 1, 2024          /s/ Caleb Liang_____
                                 Jack Bazerkanian
                                 *Attorneys for Plaintiff and the Putative Class*

**LTL ATTORNEYS LLP**

Dated: February 1, 2024          /s/ Caleb Liang_____
                                 Caleb H. Liang
                                 Kevin B. Kelly
                                 *Attorneys for Plaintiff and the Putative Class*