UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-00879-MWF (Ex) | Date:  December 23, 2025 |
| Title:  Alec Karghaian et al. v. Citibank, N.A. et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendants:
None Present

**Proceedings (In Chambers):** ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS [37]

Before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") filed by Defendant Citibank, N.A. on September 2, 2025.  (Docket No. 37).  Plaintiffs Alec Karghaian et al. filed an Opposition on October 27, 2025.  (Docket No. 39).  Defendant filed a Reply on November 3, 2025.  (Docket No. 40).

The Court has considered the papers filed on the Motion and held a hearing on **November 17, 2025**.

The Motion is **DENIED**.  Plaintiffs have plausibly alleged each of the challenged claims.  Defendant's Motion to Strike is also **DENIED** *without prejudice*, as the putative deficiencies of the class allegations are not so plainly evident to warrant dismissal prior to a motion for class certification.

## I.   BACKGROUND

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order Re: Defendant's Motion to Dismiss and Strike Class Allegations (the "Prior Order") (Docket No. 25).  Therefore, the Court will not repeat all of those facts here but incorporates by reference the factual background from the Prior Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00879-MWF (Ex)            **Date:** December 23, 2025
**Title:** Alec Karghaian et al. v. Citibank, N.A. et al.

     Plaintiffs have, of course, made some amendments to the Second Amended Complaint ("SAC" (Docket No. 34)) as compared with the First Amended Complaint, given that the Prior Order dismissed in part some of Plaintiff Karghaian's claims — specifically, Plaintiff's claims under the Equal Credit Opportunity Act ("ECOA") sections 1691(a) and (d), and under 42 U.S.C. § 1981.

     The Court will thus summarize the relevant amendments:

     As an initial matter, the SAC added another Plaintiff, Nikolai Mantashian. (SAC ¶¶ 27-31). Defendant asserts in a footnote to its Motion that Plaintiff Mantashian's claims are untimely but reserves those challenges should the action proceed past the pleading stage. (Motion at 12, n.2). Accordingly, Defendant's challenges in this Motion are generalized as to both Plaintiffs' allegations.

     In the Prior Order, the Court held that as to the ECOA claims, Plaintiff Karghaian had failed to allege that he qualified for the credit for which he applied. (Prior Order at 7). Plaintiffs thus include additional allegations in the SAC, including that applicants typically are approved with credit scores lower than Plaintiffs' scores. (SAC ¶¶ 21, 23, 25, 28, 30). Plaintiffs also allege that they met other creditworthiness criteria that are "potentially considered[,] such as credit history, income, existing debt, recent credit inquiries, number of open accounts, housing status, and/or employment status." (*Id.* ¶¶ 25, 30).

     Next, the Court's Prior Order held that Plaintiff Karghaian had not alleged racial, ethnic, or alienage discrimination, but had only alleged national origin discrimination. (Prior Order at 10). Accordingly, because § 1981 prohibits discrimination on the basis of race and ethnicity, Plaintiff Karghaian's claims under that statute should be dismissed. (*Id.*). In the SAC, Plaintiffs therefore allege that they and Class Members were members of a protected class based on Armenian ancestry and/or ethnicity, and that "race has been broadly defined to encompass ancestry and ethnicity" in the § 1981 context. (SAC ¶ 54).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00879-MWF (Ex)                 **Date:** December 23, 2025

**Title:** Alec Karghaian et al. v. Citibank, N.A. et al.

On the basis of the allegations in the SAC, Plaintiffs bring four causes of action for: 1) violation of the ECOA, 15 U.S.C. § 1691(a); 2) violation of 42 U.S.C. § 1981; 3) violation of the California Unruh Civil Rights Act; and 4) violation of the California Unfair Competition Law ("UCL"). (*Id.* ¶¶ 42-73).

Defendant again seeks to dismiss the Complaint on the grounds that Plaintiff fails to state a cause of action as to any of these four claims. (Motion at 13-22). Defendant also renews its arguments that Plaintiffs' class allegations should be struck because the class definition is facially overbroad, Plaintiffs' claims are not typical of the class, common questions of law and fact do not exist, and the allegations cannot satisfy the predominance requirement. (*Id.* at 22-28).

**II.    REQUEST FOR JUDICIAL NOTICE**

Pursuant to Rule 12(d), "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion" without converting the motion to one for summary judgment. *See* F.R.C.P. 12(d); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). An exception to this general rule exists for (1) materials that are attached to or necessarily relied upon in the complaint, and (2) matters of public record. *Id.* at 688-89.

Defendant here requests judicial notice of two pieces of correspondence, labeled as Exhibit 1 and Exhibit 2, from Citibank to Plaintiff Alec Karghaian. (Request for Judicial Notice ISO Motion to Dismiss ("RJN" (Docket No. 38)). Both pieces of correspondence putatively contain information about why Plaintiff Karghaian was denied approval for a credit card. (*Id.*). While Defendant frames its request as one for judicial notice, Defendant in fact requests that the Court consider these Exhibits as incorporated by reference into the SAC, presumably because incorporation allows the Court to consider the contents as true. (*See* RJN at 2); *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("We have stated that, unlike judicial notice, a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00879-MWF (Ex)                      **Date:** December 23, 2025

**Title:** Alec Karghaian et al. v. Citibank, N.A. et al.

     The Court notes first that Plaintiffs do not seem to state any opposition to the RJN in their moving papers, although they stated their opposition at the hearing. Nevertheless, pursuant to Rule 12(d), the Exhibits are inappropriate for consideration on a Rule 12(b)(6) motion. Defendant asserts that these documents were incorporated into the SAC based on the allegation that Plaintiff Karghaian's credit application was denied by Defendant. (RJN at 2 (citing to SAC ¶¶ 22, 24)). But these references in the SAC are only to the fact that these credit card applications were denied and to the date of denials; they are not references to the documents that Defendant is now arguing should be incorporated.

     To be sure, the purpose of the incorporation by reference doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). But as the Ninth Circuit warns in *Khoja*, this doctrine may not be used to incorporate documents that "merely create[] a defense to the well-pled allegations in the complaint." *Id.* That is precisely what Defendant seeks to do here. Defendant uses these Exhibits in the accompanying Motion to suggest that Plaintiffs must disprove the reasons for credit denial stated in the letters in order for the SAC to pass muster at the pleading stage. (*See* Motion at 11, n.1). But as the Court has already held in the Prior Order and below, Plaintiffs have plausibly alleged discriminatory intent. Accordingly, to require Plaintiffs to take the extra step of *disproving* putatively legitimate reasons for their denials would be to inappropriately force Plaintiffs to disprove a potential defense at the pleading stage.

     At the hearing, Defendant pressed this argument, insisting that it only requests notice of the fact that these letters were sent to Plaintiffs, and does not request that the Court should take as true the alleged facts in the denials. In line with this view, Defendant argued that it is not requiring Plaintiffs to disprove any facts or defenses. But this argument falters when viewed in context of the Motion and Reply, where this correspondence is cited by Defendant both for the truth of its content and to suggest that Plaintiffs have failed to rule out non-discriminatory reasons for denial, a defense to these claims. (*See, e.g.,* Motion at 16-17 (Plaintiffs could not allege sufficient facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 24-00879-MWF (Ex)             **Date:**  December 23, 2025
**Title:**  Alec Karghaian et al. v. Citibank, N.A. et al.

establishing discriminatory intent because "Citibank told Mr. Karghaian it could not approve his applications because he had too many recent credit inquiries); *id.* at 18 ("Indeed, Plaintiffs do not address the multiple other possible explanations for their denied credit card applications that have nothing to do with discrimination."); Reply at 15 ("Moreover, Plaintiff's failure to address the nondiscriminatory denial reason … renders their allegation that race was the but-for cause 'implausible.'")). The Court thus does not give much weight to these arguments made at the hearing.

Finally, the Court's conclusion here is further bolstered by the fact that Plaintiffs allege that Citibank provided either incomplete or pretextual reasons to support their denials. (*See* SAC ¶ 18). Accordingly, viewing this allegation and others in the light most favorable to Plaintiffs, the Court is further persuaded that Plaintiffs need not disprove any putatively legitimate reasons for denial at this stage.

Therefore, because the RJN seeks incorporation by reference of Exhibit 1 and 2, the RJN is **DENIED**.

### III.  LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Twombly*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00879-MWF (Ex)            **Date:** December 23, 2025

**Title:** Alec Karghaian et al. v. Citibank, N.A. et al.

---

allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## IV. DISCUSSION

### A. Equal Credit Opportunity Act

To state a claim for discrimination in violation of 15 U.S.C. § 1961(a)(1), a plaintiff must claim: "(i) that the applicant is a member of a protected class; (ii) the applicant applied for credit with defendant-creditor; (iii) the applicant qualified for credit; and (iv) the applicant was denied credit despite being qualified." *Jones v. Vargas*, No. CV 19-04440-JAK (SKx), 2019 WL 13253487, at *5 (C.D. Cal. Nov. 6, 2019). As before, Defendant challenges Plaintiffs' ECOA claims on the basis that Plaintiffs failed to allege that they were qualified for the credit they sought. (Motion at 14-16). Defendant also argues for the first time, however, that Plaintiffs have not established the discriminatory intent required to state an ECOA claim. (*Id.* at 16-17). The Court will address each argument in turn.

#### 1. Qualifications

Despite the added allegations as to qualifications, Defendant asserts that Plaintiffs must allege more about Citibank's qualification requirements, arguing that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00879-MWF (Ex)            **Date:** December 23, 2025
**Title:** Alec Karghaian et al. v. Citibank, N.A. et al.

the "non-exhaustive list of factors" provided in the SAC is not enough. (Motion at 15). Defendant further argues that because the list of factors is accompanied by the phrase "on information or belief," the allegations should be discounted because Plaintiffs have not adequately stated the factual basis for these allegations. (*Id.*).

Plaintiffs respond that these arguments amount to a requirement that Plaintiffs prove their allegations at the pleading stage, and that in any event, their list of factors is based upon "industry norms and [Plaintiffs'] own credit profiles." (Opp. at 12). Plaintiffs also distinguish Defendant's cited cases, and the Court agrees that all are inapposite for the reasons stated in Plaintiffs' Opposition. (*See* Opp. at 12). Plaintiffs do not, however, offer any case law of their own that supports their side of the argument. And indeed, upon the Court's review, it appears there is scant case law evaluating what is required to allege qualification for credit under the ECOA at the pleading stage.

Nonetheless, taking the allegations in the SAC as true, the Court holds that Plaintiffs have plausibly alleged that they were qualified for the credit they sought. Plaintiffs have stated their particular credit scores at the time they applied and the minimum credit scores that Citibank typically approves for these particular credit cards. (SAC ¶¶ 25, 30). Additionally, Plaintiffs alleged that they met other possible criteria of creditworthiness such as income, credit history, existing debt, recent credit inquiries, number of open accounts, and housing and employment status. (*Id.*).

Moreover, Defendant's argument that Plaintiffs' allegations are rendered implausible by pleading upon "information and belief" are unavailing in this context. "[W]here the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible," Plaintiffs may still meet the *Twombly* standard by pleading upon information and belief. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). Such a standard is met here, as the facts about precise qualifications would be solely in the possession of Citibank. Plaintiffs have alleged that they met common creditworthiness criteria, and need not allege the particular factors that Citibank might deem germane in its evaluation of credit applications.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-00879-MWF (Ex)            Date: December 23, 2025
Title: Alec Karghaian et al. v. Citibank, N.A. et al.

### 2. Discriminatory Intent

Defendant next argues that Plaintiffs have failed to plausibly allege discriminatory intent, citing to *Brown v. City National Bank,* CV 23-3195-AMO, 2025 WL 860502, at *2-3 (N.D. Cal. Mar. 19, 2025). As the Court has explained elsewhere in connection with actions against Citibank, *Brown* is distinguishable from the facts here. *See Tigran Abrahamyan et al. v. Citibank, N.A. et al.*, CV 24-1106-MWF (Ex), Docket No. 52 at 6. In *Brown*, the court held that discriminatory intent was too tenuously alleged where plaintiff alleged she was denied a loan on the basis of her race from a northern California branch of the defendant bank, when the bank was investigated for discriminatory policies in Los Angeles. *Id.* Here, by contrast, there is no such tenuous relationship between the allegations of discriminatory practices and the denial of the credit applications. The allegations are quite specific that Defendant disparately denied credit applications in the Los Angeles area for individuals who had last names ending in -yan or -ian, and Plaintiffs have alleged that they fall squarely in that category. (SAC ¶¶ 11-31). Unlike *Brown*, the Court thus has no difficulty concluding that a discriminatory reason "more likely than not motivated" Defendant's conduct. *See Brown,* 2025 WL 860502, at *2-3. (quoting *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013)).

Accordingly, the Motion is **DENIED** as to Plaintiff's ECOA claim.

### B. 42 U.S.C. § 1981 ("§ 1981")

Defendant next argues that Plaintiffs have not sufficiently alleged that they were subjected to discrimination on account of their race as people with an Armenian heritage, nor have Plaintiffs adequately alleged causation. (Motion at 17-19).

### 1. Armenian Heritage

As noted in the Prior Order, § 1981 only applies to alleged race and ethnicity discrimination, not national origin discrimination. (Prior Order at 10). Accordingly,

---

**CIVIL MINUTES—GENERAL**           8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-00879-MWF (Ex)          Date: December 23, 2025

Title: Alec Karghaian et al. v. Citibank, N.A. et al.

because Plaintiffs now allege discrimination on the basis of their Armenian "ancestry and ethnicity," Defendant argues that these conclusory statements are not sufficient to allege race discrimination. (Motion at 17-18). Plaintiffs respond that alleging discrimination on the basis of their Armenian ancestry and ethnicity constitutes racial discrimination because "Armenians constitute a distinct ethnic group with shared cultural heritage, language, and historical identity." (Opp. at 15).

     Given these arguments, the Court notes that the parties have touched on a sensitive and often fraught legal distinction between discrimination premised on national origin as compared to race. Unfortunately, the briefing here is not very helpful. In essence, these arguments ask the Court to determine whether alleged discriminatory treatment on the basis of an Armenian heritage may properly be considered both based on race as well as national origin, such that this discrimination qualifies for protection under § 1981. On the basis of the arguments and authorities presented, the Court holds that it can.

     The most helpful citation provided by the parties is to *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987), which held that a plaintiff could maintain a claim under § 1981 where he alleged racial discrimination on the basis of his alleged "Arabian" ancestry or ethnicity. The district court in that case had dismissed the § 1981 claim at the summary judgment stage, holding that the plaintiff's claims for discrimination as an "Arab" person only reached national origin discrimination and not racial discrimination. *Id.* at 606. But the court of appeals reversed this holding and the Supreme Court affirmed, rejecting arguments that people who were of Arabian ancestry should be classified as part of the "Caucasian race," at least as the "Caucasian race" would have been defined when § 1981 was passed into law in the 19th century. *Id.* at 610.

     Exmaining such legislative history, the Court concluded that "Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Id.* at 613. In so ruling, the Supreme Court held that the racial groups meant to be protected by § 1981 were intended to be parsed much more finely than the petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-00879-MWF (Ex) | Date:  December 23, 2025 |
| Title:  Alec Karghaian et al. v. Citibank, N.A. et al. | |

argued there.  *Id.*  For example, the Supreme Court specifically noted that the legislative history suggested that the 1870 Act, which provided part of the authority for § 1981, was meant to protect "immigrant groups, such as the Chinese."  *Id.*

This notion appears to have also been confirmed in a more modern context, as Plaintiffs argue, since the Ninth Circuit has noted that "race has been defined broadly to cover immigrant ethnic groups" in the context of § 1981.  *Fonseca v. Sysco Food Svs. Of Arizona*, 374 F.3d 840, 850 (2004).  Accordingly, given the allegations in the Complaint, the Court may conclude at this stage that Armenians constitute such an "immigrant ethnic group" that qualifies for protection under § 1981, in much the same way as the Supreme Court held that Chinese immigrant groups could be protected in *Saint Francis College*.

### 2.  Causation

Defendant next argues that Plaintiffs have not shown that they fall within the narrower class of persons identified in the CFPB Consent Decree who were subject to "manual underwriting," nor that Plaintiffs have disproven any non-discriminatory reasons for their denials.  (Motion at 18-19).  But the Court has already rejected these same arguments in the Prior Order with respect to Plaintiffs' Unruh Act claims, and the Court declines to revisit that reasoning here.  (Prior Order at 12).  Moreover, Defendant relies on the "non-discriminatory" reasons set forth in the correspondence contained in its RJN as support for its arguments.  (Motion at 18-19).  As discussed above, whether these notices provided pretextual reasons for denial or legitimate reasons for denial is a factual matter inappropriate to decide at this stage when Plaintiffs have otherwise sufficiently pled discriminatory intent.

Finally, Defendant argues in its Reply brief and at the hearing that Plaintiffs have not plausibly alleged that race was the "but-for" cause of these denials.  Again, Defendant's arguments on this point largely mirror the causation arguments rejected above, particularly as they are presented in the Motion.  (Motion at 18-19).  Nevertheless, Defendant is correct that but-for causation is a separate element of a §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00879-MWF (Ex)            **Date:** December 23, 2025

**Title:** Alec Karghaian et al. v. Citibank, N.A. et al.

1981 claim. *See Comcast Corp. v. National Assoc. of African American-Owned Media*, 589 U.S. 327, 341 (2020).

    Upon review of the cases cited in Defendant's Reply, the Court notes that they turned on allegations present in the complaints themselves that suggested race-neutral reasons for the adverse actions at issue, rendering their allegations implausible on the face of the complaint that race was a but-for cause. *See Ray v. American Airlines,* 755 F. Supp. 3d 1277, 1282-84 (2024) (no plausible but-for causation established that a pilot grounded a plane because of plaintiff's race where pilot did not interact with plaintiff, and where plaintiff's own allegations provided race-neutral reason for his removal from the plane) ; *Sharifi Takieh v. Banner Health*, 515 F. Supp. 3d 1026, 1035-36 (D. Ariz. 2021), *aff'd sub nom. Takieh v. Banner Health,* No. 21-15326, 2022 WL 474170 (9th Cir. Feb. 16, 2022) (holding plaintiff's claims implausible "because the FAC identifies four independent, non-discriminatory reasons for the alleged impairment to [plaintiff's contract]").

    Had the Court not already rejected the request to incorporate the denial letters into the SAC, perhaps these cases would be more persuasive. But as it stands, there are no allegations in the SAC itself that render but-for causation on account of race implausible, as in *Ray* or *Takieh*. Indeed, as the Court noted above, Plaintiffs specifically allege that they met the criteria that Defendant takes issue with: whether they had too many recent credit inquiries. (*See* SAC ¶¶ 25, 30). Plaintiffs further allege that they met other common criteria of creditworthiness. (*Id.*). And importantly, Plaintiffs allege that Defendant "continued to approve non-Armenian" applicants with similar qualifications for credit cards. (*Id.*). These are factual allegations that the Court takes as true at this stage and support the plausibility of the assertion that but-for Plaintiffs' race, they would not have been denied the credit.

    Moreover, case law supports the conclusion that Plaintiffs may sufficiently allege but-for causation even where there may be other causes for the harm. As the court explained in *Prieto Automotive, Inc. v. Volvo Car USA, LLC*, CV 21-1085-KES-EPG, 2024 WL 3011170, at *9 (E.D. Cal. June 14, 2024), the Supreme Court in *Bostock v. Clayton County*, 590 U.S. 644, 656 (2020) provides analysis applicable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-00879-MWF (Ex) | Date:  December 23, 2025 |
| Title:  Alec Karghaian et al. v. Citibank, N.A. et al. | |

the scenario here and in other § 1981 cases.  Although the statute considered in *Bostock* was Title VII, which provides a "more forgiving" motivating factor test to prove causation, the Supreme Court noted that it focused its analysis on the "traditional but-for causation standard that continues to afford a viable, if no longer exclusive, path to relief under Title VII."  *Bostock*, 590 U.S. 644 at 657.

Under the but-for standard, the Court in *Bostock* noted that "[o]ften, events have multiple but-for causes," and explained that "a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision.  So long as the plaintiff's sex [in *Bostock*] was one but-for cause of that decision, that is enough to trigger the law."  *Id.* at 646.  Accordingly, in *Prieto* the court held that a defendant cannot defeat a § 1981 claim by merely claiming that there could be another "but-for" cause for the discrimination.  *Prieto*, 2024 WL 3011170, at *9.  This concept was also affirmed in Defendant's cited case *Takieh,* where the court noted that "the fact a defendant has mixed motives—i.e., legitimate and illegitimate reasons for an alleged act—does not, in and of itself, render a § 1981 claim implausible."  515 F. Supp. 3d at 1045.

Because all Defendant has offered here is one other cause or motive for the denial of Plaintiffs' application, the Court is not persuaded to grant Defendant's Motion in the face of otherwise plausible allegations.  Accordingly, the Motion is **DENIED** as to Plaintiffs' claims under 42 U.S.C. § 1981.

### C. Unruh Civil Rights Act

Defendant next repeats that Plaintiffs have not adequately alleged discriminatory intent to plausibly allege an Unruh Civil Rights Act claim.  (Motion at 19-20).  The Court previously denied Defendant's arguments urging dismissal of Plaintiffs' Unruh Act claims premised on these same arguments.  (Prior Order at 12).  Defendant does not address this previous Order nor give the Court any reason why that holding should be reconsidered.  Accordingly, the Motion is **DENIED** as to Plaintiff's Unruh Act claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00879-MWF (Ex)                          Date:  December 23, 2025

Title:  Alec Karghaian et al. v. Citibank, N.A. et al.

### D. Unfair Competition Law

As explained in the Prior Order, where at least one of Plaintiffs' claims survives, Plaintiffs will likewise have a claim under the Unfair Competition Law ("UCL") for unlawful business practices.  (Prior Order at 14).  The Court thus rejects Defendant's arguments for dismissal on this basis.  (*See* Motion at 21).

Defendant's only other argument to defeat Plaintiffs' UCL claim is contained in one-sentence in its Motion that "Plaintiffs do not allege they lost any money or property," so their UCL claims cannot proceed, citing to *Lerma v. Amazon.com Services, LLC*, CV 22-1727-FWS-JDE, 2023 WL 4681571, at *6 (C.D. Cal. May 26, 2023).  In response, Plaintiffs argue that they have suffered economic injury in the form of lost expected financial benefits and time and effort "required to seek comparable credit products elsewhere."  (Opp. at 20).

In its Reply to these arguments, Defendant then shifts to arguing that Plaintiffs' showing of standing is "irrelevant here because Plaintiffs fail to assert a claim for injunctive relief." (Motion at 17-19).  Although Defendant frames its arguments about whether injunctive relief is available under the rubric of "standing" to bring a UCL claim, this framing is misguided.  Standing under the UCL is established so long as Plaintiffs allege "a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and [] show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 120 Cal. Rptr. 3d 741 (2011) (emphasis in original).  Whether injunctive relief is adequately alleged thus appears to relate only to whether Plaintiffs have stated a valid claim under Rule 12(b)(6) by alleging the appropriate remedies, ***not*** whether a plaintiff has ***standing*** to bring a UCL claim.

Given that Defendant did not challenge the allegations of injunctive relief in its Motion, the Court thus declines to consider them in substance here.  *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-00879-MWF (Ex)                              Date:  December 23, 2025
Title:  Alec Karghaian et al. v. Citibank, N.A. et al.

arguments raised for the first time in a reply brief."). Accordingly, the Motion is **DENIED** as to Plaintiff's UCL claim.

### E. Motion to Strike

Defendant once again requests that if the Court does not grant the Motion as to any of Plaintiffs' claims, then the class allegations should be struck from the SAC because the class definition is facially overbroad, Plaintiff is not typical of the class, common legal or factual questions do not exist, and the predominance requirement is not met. (Motion at 22-28).

The Court again holds that these arguments are premature and should be reserved for class certification. None of Defendant's arguments presents issues that are "plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim." *See Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)). Nor has Defendant provided any abundance of case law supporting its position that the Court should strike the class allegations at this early stage — likely because courts have noted that "[m]otions to strike class allegations are generally disfavored" given the availability of motions for class certification. *See Thorpe v. Abbott Laboratories, Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008).

*Sanders* is the one case provided by Defendant where a court granted a motion to strike class allegations at the pleading stage, and underscores the type of deficiencies needed to do so. *See* 672 F. Supp. 2d at 991. There, the class was defined to include "all persons within the United States who own a 20-inch Aluminum iMac," and plaintiff alleged false advertising claims in connection with this product. *See id*. The court held that this definition necessarily swept in individuals who did not see the allegedly deceptive advertisements that were the subject of that lawsuit, as well as individuals who suffered no damages and thus could not have standing to sue. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-00879-MWF (Ex) | **Date:** December 23, 2025 |
| **Title:** Alec Karghaian et al. v. Citibank, N.A. et al. | |

These same types of plain deficiencies are not evident here. While the Court acknowledges Defendant's points made in their briefing and at the hearing regarding the potential overbreadth of the class definition, the Court notes that Defendant can raise them fully in connection with any class certification proceedings. Accordingly, the Motion to Strike is **DENIED** *without prejudice*.

## V.     CONCLUSION

The Motion to Dismiss Second Amended Complaint is **DENIED**. The Motion to Strike Class Allegations is **DENIED** *without prejudice* because Defendant can re-raise these arguments to oppose a motion for class certification. Defendant shall file an Answer to the SAC no later than **January 12, 2026.**

IT IS SO ORDERED.